UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Harold David Yaritz, | Case No. 22-CV-2320 (NEB/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Defendant. | |

Plaintiff Harold David Yaritz is a prisoner of the State of Minnesota. Yaritz alleges that the State has failed to treat—or, at a minimum, failed to make accommodations for—an eye condition that is exacerbated by conditions at the prison where he is confined. The only defendant named in Yaritz's Complaint is the State of Minnesota, and the only claim raised in the Complaint is brought pursuant to 42 U.S.C. § 1983.

As the Court explained to Yaritz on initial review of his pleading, this is a problem. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch*, 454 F.3d 914, 918 (8th Cir. 2006). A state is not a "person" for the purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Yaritz was warned that he cannot bring § 1983 claims against the State of Minnesota and offered an opportunity to amend his complaint. *See* Dkt. No. 6.

1

Yaritz then filed a document labeled as an "Amended Complaint" but which was, in fact, a one-page supplement to his original pleading asking that Nan Larson be added to this action as a defendant "in her professional role of overseeing DOC Health Services. . . ." Dkt. No. 8 at 1. This, too, is a problem. Local Rule 15.1(a) of this District forbids amendment by supplement, instead requiring that "any amended pleading must be complete in itself and must not incorporate by reference any prior pleading." There are several good reasons for the restriction on supplemental pleadings established by Rule 15.1(a). Two of those reasons are highlighted by this case. First, both Defendants and the Court are entitled to certainty regarding which allegations and claims, specifically, are at issue in the litigation. Piecemeal amendment across multiple filings undercuts that certainty. Second, supplemental pleadings very often fail to correct the problems that those documents were intended to correct, and a standalone Amended Complaint better ensures that the litigant will take care to allege sufficient facts that, if later proved true, would establish that the defendants violated the law.

In any event, regardless of whether there are good reasons supporting Local Rule 15.1(a), it is a rule, and Yaritz's Amended Complaint violates that rule. That Amended Complaint therefore is not operative. The initial Complaint, which names only the State of Minnesota, remains operative in this matter. That pleading names only the State of Minnesota, but Yaritz cannot sue the State of Minnesota under § 1983. "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.

§ 1915A.  After review of the Complaint, this Court concludes that Yaritz has failed to state a claim on which relief may be granted for the reasons explained above and recommends that this action be dismissed without prejudice pursuant to § 1915A.

This Court notes, however, that the result would be the same even if the one-page Amended Complaint were to be regarded as operative.  Yaritz fails to specify whether he intends to name Larson in her individual capacity or in her official capacity as an agent of the State of Minnesota.  The Court would therefore be required to interpret Yaritz as raising only official-capacity claims.  *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).  A claim against a defendant in her official capacity is, in essence, a claim against the entity of which she is an official.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Larson is an official of the State of Minnesota, though, and the monetary relief sought in this action is not available from the State of Minnesota under § 1983.  *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989).  And to the extent that Yaritz appears to be seeking injunctive relief in the form of release from prison, *see* Dkt. No. 12 at 3, Yaritz cannot seek that relief through an action under § 1983, *see Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005), and there is no reason to believe from any document that Yaritz has submitted that Larson, a nursing supervisor, could effect that relief even if ordered by the Court to do so.

And even if Yaritz had named Larson in her individual capacity, this action would nevertheless remain subject to dismissal under § 1983.  To succeed on an individual-capacity claim under § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself."  *See Washington v. Craane*, No. 18-cv-1464

3

(DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")).  No such allegations of individual wrongdoing on the part of Larson are alleged in the Complaint or Amended Complaint.

This action must be dismissed under § 1915A.  Because this action should be summarily dismissed, Yaritz's application to proceed *in forma pauperis* should be denied.  *See* 28 U.S.C. § 1915(e)(2)(B).  Yaritz, as a prisoner, remains responsible for the $350.00 filing fee in this matter, which must be paid in installments over time; prison officials should be apprised of that requirement.  *See* 28 U.S.C. § 1915(b).  Finally, this Court does not believe that appointment of counsel would serve the interests of justice in this matter and recommends that Yaritz's motion for appointment be denied as well.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2. The application to proceed *in forma pauperis* of plaintiff Harold David Yaritz [Dkt. No. 2] be DENIED.

3. Yaritz's motion for appointment of counsel [Dkt. No. 3] be DENIED.

4.  Yaritz be directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Yaritz is confined.

Dated: April 4, 2023                    *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).