UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HAROLD DAVID YARITZ, | Case No. 22-CV-2320 (NEB/ECW) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, | |
| Defendant. | |

Harold David Yaritz filed this *pro se* 42 U.S.C. Section 1983 action against the State of Minnesota. Yaritz is a prisoner of the State who alleges that the government has not treated or accommodated his sensitivity to light. In a Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommends that this Court summarily dismiss Yaritz's case. (ECF No. 13 ("R&R").) Yaritz objects. (ECF No. 14.) After a *de novo* review, the Court overrules the objection and accepts the R&R.

The R&R recommends a dismissal under 28 U.S.C. Section 1915A because Yaritz has failed to name a proper defendant. (R&R at 1, 3–4.) "To state a claim under [Section 1983], a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of W. Branch*, 454 F.3d 914, 918 (8th Cir. 2006). States are not persons for purposes of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Judge Wright warned Yaritz that his claim against the State is not

cognizable, and she invited him to amend his complaint. (ECF No. 5 at 4–5.) Yaritz submitted a one-page supplement titled "Amended Complaint," in which he "move[d] the Court to add Health Service Commissioner Nan Larson in her professional role of over-seeing DOC Health Services as a Co-defendant." (ECF No. 6.) The R&R concludes that Yaritz's filing did not comply with Local Rule 15.1(a), so his initial complaint remains operative. (R&R at 2.) And even if Larson were properly added as a defendant, Yaritz's claim for damages would still not be cognizable under Section 1983 because he attempts to sue Larson in her official capacity. (*Id.* at 3–4.) Accordingly, the R&R recommends dismissal for failure to state a claim on which relief may be granted, along with the denial of Yaritz's application to proceed *in forma pauperis* and denial of his request for the appointment of counsel. (*Id.* at 4–5.)

Yaritz raises four objections to the R&R, each of which the Court finds unpersuasive. First, Yaritz asserts that the rule that the State cannot be sued under Section 1983 is moot. That is incorrect. Yaritz, like all plaintiffs in Section 1983 actions, must bring a claim against a "person" for it to be cognizable. *Andrews*, 454 F.3d at 918. Second, Yaritz argues that the R&R wrongly declined to consider his amended complaint. But Yaritz's one-page supplement did not comply with Local Rule 15.1(a), so the R&R rightly concluded that it is Yaritz's initial complaint that is operative. Third, Yaritz requests to be excused from paying his filing fee. Under 28 U.S.C. 1915(b), however, Yaritz remains responsible for that fee. Lastly, Yaritz disagrees with the R&R's recommendation to not

appoint him counsel. Given the appropriateness of a dismissal and the absence of a right to counsel in civil actions, the Court again agrees with the R&R. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.")

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Yaritz's Objection (ECF No. 14) is OVERRULED;

2. The Report and Recommendation (ECF No. 13) is ACCEPTED;

3. The above-captioned matter is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. Section 1915A;

4. Yaritz's Application to Proceed *In Forma Pauperis* (ECF No. 2) is DENIED;

5. Yaritz's Motion to Appoint Counsel (ECF No. 3) is DENIED; and

6. Yaritz is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. Section 1915(b)(2), and the Clerk of Court be directed to provide notice of this requirement to the authorities at the institution where Yaritz is confined.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 15, 2023

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge